1
2
3
4
5                      **UNITED STATES DISTRICT COURT**
6                          **DISTRICT OF NEVADA**
7

8   THOMAS TERWAY, *et al.*,                  )
                                              )
9                     Plaintiff,              )        Case No. 2:16-cv-01587-GMN-GWF
                                              )
10  vs.                                       )        **ORDER**
                                              )
11  SYNGENTA SEEDS, LLC, *et al.*,            )
                                              )
12                    Defendants.             )
                                              )
13  _____      )

14        This matter is before the Court on Defendants Syngenta Biotechnology, Inc., Syngenta

15  Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc., and Syngenta Seeds, LLC's Motion

16  to Stay (ECF No. 9), filed on July 15, 2016.  Plaintiffs Thomas Devney, Sherwood Dixon, Donald

17  Kemna, Sharon Kemna, and Brent Small filed their Response (ECF No. 14) on July 21, 2016.

18  Defendants filed their Reply (ECF No. 15) on August 1, 2016.  The Court conducted a hearing in this

19  matter on August 16, 2016.

20                               **BACKGROUND**

21        This matter was removed from the Eighth Judicial District Court on July 5, 2016.  (ECF No. 1).

22  Plaintiffs filed their Motion to Remand to State Court (ECF No. 13) on July 21, 2016. Defendants

23  request a stay pending the resolution of whether the Judicial Panel on Multidistrict Litigation ("JPML")

24  will transfer this case into Multidistrict Litigation ("MDL") proceeding in the United States District

25  Court for the District of Kansas.  This matter has been conditionally transferred, but Plaintiffs have

26  filed an objection to the Conditional Transfer Order.  See *Motion to Stay*, (ECF No. 9), pg. 3.

27  Defendants argue that the Court should impose a stay pending MDL transfer because it will promote

28  judicial economy, will prevent prejudice to Defendants by preventing duplicative litigation and

1   potentially inconsistent rulings, and will not prejudice Plaintiffs.  *Id.* at pg. 7-10.  Plaintiffs argue that

2   the subject matter jurisdiction argument set forth in their Motion to Remand should be addressed prior

3   to ruling on Defendants' Motion to Stay because it will promote efficiency and fairness.  *Opposition*,

4   (ECF No. 14), pg. 10-13. Plaintiffs argue that they will be prejudiced by a stay because it will affect

5   Plaintiffs' timely ability to pursue their claims as their Motion to Remand will be deferred to the MDL.

6   *Id.*

7                                                **DISCUSSION**

8        Courts have broad discretionary power to control discovery.  *See Little v. City of Seattle*, 863

9   F.2d 681, 685 (9th Cir.1988).  District courts have the inherent power to stay proceedings.  *Landis v. N.*

10  *Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936).  Courts consider the following factors when

11  deciding whether to grant a motion to stay proceedings pending the MDL panel's decision: "(1)

12  potential prejudice to the non-moving party; (2) hardship and inequity to the moving party; and (3) the

13  judicial resources that would be saved by avoiding duplicative litigation..."  *Rivers v. Walt Disney Co.*,

14  980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *2 (E.D. Cal.

15  May 15, 2014).  Some courts have been persuaded by the proposition that judicial economy is best

16  served by deciding jurisdictional issues as early in the litigation as possible and before final transfer to

17  the MDL Court.  *Dent v. Lopez*, 2014 WL 3615784, at *5 (E.D. Cal. July 22, 2014); *Conroy v. Fresh*

18  *Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004).  Other courts have held that

19  "deference to the MDL court for resolution of a motion to remand often provides the opportunity for

20  uniformity, consistency, and predictability in litigation that underlies the MDL system."  *Little v. Pfizer*,

21  Inc., 2014 WL 1569425, at *2 (N.D. Cal. Apr. 18, 2014); *Rifenberry v. Organon USA, Inc.*, 2014 WL

22  296955, at *1 (N.D. Cal. Jan. 26, 2014).  "Allowing the transferee judge to rule on the motion to

23  remand provides for consistent treatment of similar issues and may reduce the burden on litigants and

24  the judiciary."  *Pate v. DePuy Orthopaedics, Inc.*, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012)

25  (citing *Moore v. Wyeth-Ayerst Labs.*, 236 F.Supp.2d 509, 512 (D. Md. 2002).  Courts frequently grant

26  stays pending a decision by the MDL panel regarding whether to transfer a case.  *Hernandez v. ASNI,*

27  *Inc.*, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015).  That is especially true when the MDL has

28  already issued a conditional transfer order because any "delay is typically brief and a stay would  further

                                                    2

the aim of judicial efficiency." *Id.*

The Court concludes that the factors weigh in favor of staying the instant action pending the JPML's decision on whether to transfer this action to the MDL Court.  The same issue concerning diversity subject matter jurisdiction in three related cases is currently pending before the MDL Court. Although Plaintiff's Motion to Remand may be briefly delayed as a result of the stay, the interest in efficiency and uniformity outweighs the potential prejudice of a delay in these circumstances.  The risk of inconsistent rulings and duplicative litigation warrants granting Defendants' Motion to Stay. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay (ECF No. 9) is **granted**.

DATED this 19th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3